**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**ROBERT HENDRICKS,**

                                        **Petitioner,**

                    **v.**                                        **9:05-CV-925**
                                                                  **(FJS/DEP)**

**SUPERINTENDENT CALVIN WEST,**

                                        **Respondent.**
_____

**APPEARANCES**

**ROBERT HENDRICKS**
**99-B-2680**
Elmira Correctional Facility
Box 500
Elmira, New York 14902-0500
Petitioner _pro se_

**SCULLIN, Chief Judge**

                                **ORDER**

        The Clerk of the Court has sent Petitioner Robert Hendricks' amended petition for a writ

of habeas corpus to the Court for its review.  Petitioner submitted this amended petition in

accordance with the Court's August 2, 2005 Order.  In that Order, the Court directed Petitioner to

file an amended petition that fully set forth the grounds for his petition, the facts in support of

each ground, and information concerning the filing and adjudication of Petitioner's motions in

state court pursuant to New York Criminal Procedure Law § 440.10 ("CPL § 440 motion").

        Section 2254 of Title 28 of the United States Code provides, in pertinent part, that "(b)(1)

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the

judgment of a State court shall not be granted unless it appears that – (A) the applicant **has**

**exhausted the remedies available in the courts of the State** . . . ." 28 U.S.C. § 2254(b)(1)(A) (emphasis added). This statute "embodies the long-established principle that a state prisoner seeking federal habeas review of his conviction ordinarily must first exhaust available state remedies." *Daye v. Attorney Gen. of State of N.Y.*, 696 F.2d 186, 190 (2d Cir. 1982) (en banc) (citations and footnote omitted). "The exhaustion doctrine provides that a habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claim." *Id.* at 191 (citations omitted); *Thomas v. Scully*, 854 F. Supp. 944, 950 (E.D.N.Y. 1994) ("a federal court may not review the substantive merits of an applicant's claims for collateral relief unless 'the applicant has exhausted the remedies available in the courts of the State.'" (quotation and other citations omitted)). This requirement that federal courts not exercise habeas review "unless the state courts have had an opportunity to consider and correct any violation of federal law expresses respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye*, 696 F.2d at 192 (citations omitted). "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Id.* (footnote omitted).

In the present case, it does not appear that Petitioner exhausted the state-court remedies available to him regarding his claims. In fact, Petitioner states that, on June 30, 2005, he filed a second CPL § 440 motion in state court, *see* Dkt. No. 3 at 5, and that he has not received a ruling on this motion, *see id.* In light of this acknowledgment, it is clear that Petitioner filed this federal habeas petition prematurely because he has not exhausted **all** of his available state-court remedies. Therefore, the Court dismisses this petition without prejudice. *See Ruine v.*

-2-

*Senkowski*, No. 00 Civ. 3798, 2000 WL 1530020, *2 (S.D.N.Y. Oct. 16, 2000) ("if a § 440

motion is pending, state court remedies have not been exhausted, and the habeas petition must be

dismissed" (citations omitted)).  In addition, the Court grants Petitioner leave to refile his federal

habeas petition within the statute of limitations period once he has exhausted his state-court

remedies.[1]

Accordingly, for the above-stated reasons, the Court hereby

**ORDERS** that this action is **DISMISSED WITHOUT PREJUDICE**; and the Court

further

**ORDERS** that the Clerk of the Court serve a copy of this Order on Petitioner.

**IT IS SO ORDERED.**

Dated: November 17, 2005
        Syracuse, New York

Frederick J. Scullin, Jr.
**Chief United States District Court Judge**

_____

[1] The Court advises Petitioner that he must file his petition for habeas relief within one year of the judgment of conviction becoming final.  A judgment of conviction becomes final at the conclusion of the ninety days during which the party could have sought certiorari in the United States Supreme Court.  *See Hughes v. Irvin*, 967 F. Supp. 775, 778 (E.D.N.Y. 1997) (citing Rule 13 of Rules of the Supreme Court of the United States); *Allen v. Hardy*, 478 U.S. 255, 258 n.1 (1986) (decision becomes final "where . . . the availability of appeal [is] exhausted, and the time for petition for certiorari ha[s] elapsed . . ."). However, section 2244(d)(2) of Title 28 of the United States Code provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). To avoid any problems with the statute of limitations, Petitioner should file any renewed § 2254 habeas petition **promptly** after disposition of the pending motion in state court.